1  Jeffrey M. Hamerling (Bar No. 91532)
   jhamerling@archernorris.com
2  Alissa R. Pleau-Fuller (Bar No. 258907)
   apleau-fuller@archernorris.com
3  ARCHER NORRIS
   2033 North Main Street, Suite 800
4  Walnut Creek, CA  94596-3759
   Telephone:    925.930.6600
5  Facsimile:    925.930.6620

6  Attorneys for Defendant
   BP WEST COAST PRODUCTS LLC, a Delaware
7  limited liability company

8  Peter C. Lagarias (SBN 77091)
   pcl@lb-attorneys.com
9  Robert S. Boulter (SBN 153549)
   rsb@lb-attorneys.com
10 LAGARIAS & BOULTER, LLP
   1529 Fifth Avenue
11 San Rafael, California 94901-1828
   Telephone:    415.460.0100
12 Facsimile:    415.460.1099

13
   Attorneys for Plaintiff
14 JOHN R. CAPUTO

15                     UNITED STATES DISTRICT COURT

16                     EASTERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  JOHN R. CAPUTO, an individual, | Case No.  2:11-cv-00722-KJM-GGH |
| 19           Plaintiffs, | **PARTIES' AMENDED STIPULATION FOR PROTECTIVE ORDER, AND ORDER** |
| 20  v. | |
| 21  BP WEST COAST PRODUCTS, LLC, a Delaware limited liability company and DOES 1 through 10, Inclusive, | Magistrate Judge: Gregory G. Hollows |
| 23           Defendants. | |

25         The parties John R. Caputo ("Plaintiff") and defendant BP West Coast Products LLC

26  ("Defendant"), hereby stipulate to the following protective order:

27         WHEREAS, discovery in the above-entitled action, *John Caputo v. BP West Coast*

28         *Products LLC, et al.* Case No. 2:11-CV-00722-KJM-GGH, will include disclosures by a

disclosing party of non-public information and documents that such disclosing party considers to be privileged, trade secret, proprietary, and/or confidential to such party (the "Confidential Information"), which although may be relevant to these proceedings, would otherwise be protected from disclosure;

WHEREAS, the parties defendant BP West Coast Products LLC ("BP"), and plaintiff John R. Caputo, an individual ("Plaintiff"), to avoid the expenses, including attorney's fees, that would necessarily be incurred to resolve a controversy regarding the potential disclosure of such information deemed confidential;

WHEREAS, the parties do not anticipate that any information/documents that the parties may seek in discovery implicate public health or safety; and

WHEREAS the parties have agreed to the entry of this Protective Order as evidenced by the signatures of their respective counsel;

IT IS HEREBY STIPULATED that the Court be requested to enter the following Protective Order in this matter:

As used herein, "Confidential Information" of any party or a third party subject to a subpoena disclosing information (the "Supplying Party") shall mean any and all information, including, without limitation, all oral, written, graphical and/or electronic information disclosed to another party hereto (the "Receiving Party"), including, but not limited to, documents disclosed as part of the disclosure process and/or disclosed as responses for production of documents, answers to interrogatories, and deposition transcripts, whether any such Confidential Information is delivered to the Receiving Party directly by the Supplying Party, or indirectly through an agent of the Disclosing Party and/or Receiving Party, including, but not limited, to an attorney representing a party, which is designated as "Confidential" as provided in Paragraphs 2 and 3 below.  "Confidential Information," for guidance of the parties and any discovery referee or master appointed herein, is hereby found to be  only such documents, materials, items or information lawfully entitled to confidential treatment under existing California law, including: trade secrets defined by California Civil Code § 3426.1(d), Evid. Code § 1061(a)(1), and other trade secrets, confidential business or commercial information within the meaning of Rule 26(c)

of the Federal Rules of Civil Procedure and federal cases defining such terms, financial information of third parties or individuals as described in *Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, personal information as described in *Hill v. National Collegiate Athletic Assn.* (1994) 7 Cal.4th 1 and *Richards v. Superior Court* (1978) 86 Cal.App.3d 265, such as membership in religious and political associations (*Britt v. Superior Court* (1978) 20 Cal.3d 844), personal financial data (*Cobb v. Superior Court* (1979) 99 Cal.App.3d 543), personnel records (*Board of Trustees v. Superior Court* (1981) 119 Cal.App.3d 516), and intimate facts (*Tylo v. Superior Court* (1997) 55 Cal.App.4th 1379), or otherwise protected by article I, section 1 of the California Constitution; or information submitted to a governmental office subject to a public policy of confidentiality as demonstrated in *McCabe v. Snyder* (1999), 75 Cal.App.4th 337 (personal information in DMV records) and *Webb v. Standard Oil Co.* (1957) 49 Cal.2d 509 (tax returns not discoverable).  Moreover, a corporation is not generally entitled to constitutional privacy, but only to privacy rights attaching to a trade secret or other confidential research, development or commercial information, disclosure of which may damage the corporation competitively (Code of Civ. Procedure §2031(f)(5)), or connected with the privacy rights of individuals (*Roberts v. Gulf Oil Corp.* (1983) 147 Cal.App.3d 770, 796-7).

1. Any party or a third party subject to a subpoena may designate as Confidential Information any information considered by such party to constitute confidential and proprietary to such party ("Designating Party").

2. Any Confidential Information supplied in written or graphical form shall be labeled by the Designating Party either "Confidential" or "Confidential - Attorneys Only." Any Confidential Information supplied in electronic form shall be accompanied by a document from the Designated Party identifying such information to be either "Confidential" or "Confidential – Attorneys Only." The Designating Party may label Confidential Information as "Confidential - Attorneys Only" only if, in the good faith belief of such party, the disclosure of such information to any person or entity other than those specified in Paragraph 4.B. of this Stipulated Protective Order would cause harm to the business and/or operations and/or reputation of such party. With respect to the examination of witnesses upon oral deposition, when Confidential Information is

1  supplied and/or when the deponent's testimony contains, reflects or relates in any way to
2  Confidential Information, the reporter will be informed of this Stipulated Protective Order by the
3  party seeking confidentiality and will be required to operate in a manner consistent therewith.
4  The reporter shall place on the cover of any deposition transcript which contains any Confidential
5  Information the words "Contains Confidential Information."  Counsel for the respective parties
6  shall take appropriate steps to prevent any portions of any deposition transcript designated
7  "Confidential" or "Confidential - Attorneys Only" from being disclosed to any person except as
8  provided in this Stipulated Protective Order.  Each Designating Party shall provide the other
9  parties with a list of the page(s) of each deposition transcript and any exhibits attached thereto
10 that the party has designated as "Confidential" and/or "Confidential - Attorneys Only."  Unless
11 the parties otherwise agree, such list shall be provided to the other parties within ten business
12 days after counsel for the respective parties receives a copy of any deposition transcript and the
13 deponent has either corrected and signed the transcript or the time has lapsed for the deponent to
14 make changes to the transcript.
15      3.      In this case, various documents and corresponding will be produced that include
16 sensitive information about third parties, as well as assertedly about the business trade secrets of
17 the Parties.  As the documents are voluminous in this case, as opposed to obtaining a specific
18 protective order for each document, the Parties seek approval of this Protective Order.  Thus,
19 good cause exists for this protective order subject to applicable law regarding individual
20 documents.  A party should not designate a document or information as "Confidential
21 Information" unless good cause exists to do so and the Designating Party will suffer prejudice or
22 harm with public disclosure of the document or information.
23      4.      All Confidential Information disclosed by a Designating Party to a Receiving Party
24 shall be received by such Receiving Party in confidence, shall be used by such Receiving Party
25 solely in connection with the trial or preparation for trial of the above-noted action, shall be
26 treated by it in the same manner with which it treats its own information which it deems to be
27 confidential and proprietary, and shall not be disclosed, directly or indirectly, to any person
28 except as provided in this paragraph.

4.A.    In the case of a "Confidential" designation, for each party other than the Designating Party, access to such information shall be limited to:

    (1)    the party receiving the information;

    (2)    counsel for the party whether or not counsel of record in this proceeding (including members, employees, and independent contractors of such counsel's law firm) and in-house counsel for the party;

    (3)    persons engaged by the party's attorney to furnish expert and litigation support services;

    (4)    directors, officers, agents, employees, lenders, financial advisors, and accountants of the party to whom the Receiving Party believes, in good faith, it is necessary that the materials be shown solely for purposes of this legal action;

    (5)    pursuant to the restrictions set forth in Paragraphs 4 and 5 of this Stipulated Protective Order, deponents in this legal action incident to their depositions;

    (6)    pursuant to the restrictions set forth in Paragraphs 7-9 of this Stipulated Protective Order, officers of the Court, and members of the jury;

    (7)    such other persons as hereafter may be designated by written agreement of the parties or by order of the Court.

Said access shall be for the sole limited purpose of trial or preparation for trial of the above-noted action.

4.B.    In the case of a "Confidential - Attorneys Only" designation, for each party other than the Designating Party, access to such information shall be limited to:

    (1)    counsel for the party whether or not counsel of record in this proceeding (including members, employees, and independent contractors of such counsel's law firm) and in-house counsel for the party;

    (2)    persons employed by the party's attorney to furnish expert and litigation support services in this action, but not including the party receiving the information, or any director, officer, agent or employee of the party;

1    (3) pursuant to the restrictions set forth in Paragraphs 7-9 of this Stipulated
2    Protective Order, officers of the Court, members of the jury; and
3    (4) such other persons as hereafter may be designated by written agreement of
4    the parties or by order of the Court.
5    (5) a deponent, if said deponent is the drafter of the documents or an employee
6    of the producing party.
7    Said access shall be for the sole limited purpose of trial or preparation for trial of the
8 above-noted action. Except for the Designating Party, no party to this action or any director,
9 officer, employee or agent of such party (other than counsel) shall have access to Confidential
10 Information which is designated "Confidential - Attorneys Only."
11    5.    A designation of confidentiality pursuant to this Stipulated Protective Order shall
12 be effective and shall be respected by the parties and all persons in any way involved in these
13 proceedings or to whose attention the aforesaid material or information shall come unless and
14 until otherwise ordered by the Court or stipulated by all parties to this action. These obligations
15 of confidentiality and non-disclosure shall survive for five years after the conclusion of this
16 action.
17    6.    Confidential Information held by a party may be disclosed to persons as provided
18 in Paragraphs 3 and 4, provided that prior to such disclosure such person to whom disclosure of
19 Confidential Information is to be made shall acknowledge and confirm in the form of a
20 Declaration, in the form of Exhibit A hereto, that he or she has read this Stipulated Protective
21 Order and agrees to comply with its terms. Confidential Information designated by a party as
22 "Confidential" may be disclosed by any other party to a deponent during the deponent's
23 deposition provided that the deponent has been informed of this Stipulated Protective Order and
24 executes a Declaration, in the form of Exhibit A hereto, that he or she has read this Stipulated
25 Protective Order and agrees to comply with its terms. The attorneys for the respective parties
26 shall maintain a file of such Declarations, and shall furnish to the requesting attorney a list of the
27 executing individuals (excluding the names of experts and consultants whose names have not
28 been disclosed in the litigation to date and their employees) within twenty (20) days of receipt of

a written request.

Confidential Information designated by a party as "Confidential - Attorneys Only" may not be disclosed to a deponent unless he or she is a person qualified to have access to such information pursuant to Paragraph 4.B. of this Stipulated Protective Order, the parties otherwise agree, or the Court, for good cause shown, otherwise orders. If Confidential Information designated as "Confidential - Attorneys Only" is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive information or documents, or any things designated as "Confidential - Attorneys Only."

7. Confidential Third Party Information

7.A. The Parties agree that BPWCP will produce the applications and other financial application information of the third party buyers ("Third Party Financial Data") without redactions, with the exception of the social security numbers and the bank account numbers, which will remain redacted and will not be produced. The Parties will meet and confer to determine whether any third party buyers' credit reports and information contained therein will be produced, and if so, the protocol to comply with any applicable laws.

7.B. BPWCP will designate the Third Party Financial Data as Highly Confidential – Attorney's Eyes Only.

7.C. BPWCP will produce **one (1)** hard copy of the Third Party Financial Data to Plaintiff's counsel.

7.D. Plaintiffs' counsel will not electronically scan or make any copies (electronic or paper) of any Third Party Financial Data marked Highly Confidential-Attorney's Eyes Only except for in the delineated instances in this paragraph, and will safely secure the documents in a manila envelope or other enclosure stating the contents are "Highly Confidential – Attorney's Eyes Only; Do Not Copy." A copy of the Third Party Financial Data marked Highly Confidential-Attorney's Eyes Only may only be made as needed for taking depositions, or for court filings or trial, subject to the limitations of this Protective Order.

7.E. All Third Party Financial Data will also be deemed to fall within the definition of "CONFIDENTIAL – ATTORNEY'S EYES ONLY" within the Protective Order

and will be provided with the same protections as "Confidential Information" is provided in the Protective Order.  The Protective Order will govern the documents marked Highly Confidential-Attorney's Eyes Only with the exception that when this provision 6 conflicts with the Protective Order, Provision 6 will govern. Nothing herein shall prohibit a party, or its counsel, from disclosing a document which constitutes Confidential Information to the person whom the document identifies as an author, addressee or recipient of such document.

8. <u>Before any materials</u> produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or any other documents, which are designated as Confidential Information, CONFIDENTIAL or CONFIDENTIAL – ATTORNEY'S EYES ONLY (including the confidential information contained within such documents) <u>are filed</u> with the Court for any purpose (including, but not limited to, motions for summary judgment), the party seeking to file such material  ("Filing Party") shall serve the Designating Party with a copy of the Confidential Information the party proposes to file.  The Designating Party will then have 10 court days to file a motion or application seeking an order of the Court to seal the Confidential Information in compliance with Local Rule 141.1.  Any motion or application to seal shall comply with Local Rules 141 and 141.1.  If said motion or application is not filed within 10 days of the notice, the Filing Party may file the documents with the Court without further delay or under seal.  If the Designating Party files such an application or motion, the Filing Party may not file the Confidential Information until the Court has ruled on the application or motion.  To do so will be deemed a violation of this Stipulated Protective Order.

However, in the event the Filing Party seeks or must file something by a certain date but has not received a ruling on a pending motion to seal or the Designating Party's 10 day time period to file an application to seal has not expired, the Filing Party may file the relevant Confidential Information under seal with a notation that an application to seal is pending or will be pending.

A motion or application to seal documents or information should only be filed when the Designating Party has a reasonable or good faith belief that it can make a particularized showing of good cause, or, if the information sought to be protected is to be used in potentially dispositive

matters, it can make a showing of compelling reasons.

A party shall not file any document or information containing Third Party Financial Information marked Highly Confidential – Attorney's Eyes Only unless such documents or information have been ordered under seal by the Court.

9. In the event any Confidential Information is used in any discovery proceeding, it shall not lose its confidential status through such use. All Confidential Information and the party using such Confidential Information shall take all reasonable steps to maintain its confidentiality during such use.

10. The parties, their officers, agents and employees, and their attorneys, shall be responsible to see that the purpose and effect of this Stipulated Protective Order is achieved.

11. Declassification of Confidential Status.

11.1 All Confidential Documents and Information shall be accorded confidential status pursuant to the terms of this Protective Order unless the parties formally agree in writing to the contrary or a determination is made by the Court as to confidential status and that determination has become final by expiration of the time period for which appellate review or intervention must be sought or the Confidential Documents or Information lose confidential status as set forth herein. However, if a party seeks to appeal a determination that any documents are not Confidential the burden shall be on that party to seek a stay of the District Court's order pending appeal.

11.2 Should the party or person receiving documents designated as Confidential Documents object to their designation as such, it shall provide the Designating Party with a written objection that lists the documents or things which the receiving party seeks to have precluded from the protective order within thirty (30) days of receipt of such documents. Within thirty (30) days of its receipt of such objection (by mail, by telecopier or by hand-delivery), the Designating Party shall have the right to file a motion seeking a determination that the designated documents are subject to the provisions of this Protective Order. This Order does not change or affect the burden by which the proponent of confidentiality must establish its entitlement to confidential or protected status for designated documents.

      11.3    The failure of a Designating Party to file a timely motion shall result in the subject documents no longer being the subject of this Protective Order.

      12.    This Stipulated Protective Order may be modified by further order of this Court or by agreement of counsel for the parties, subject to the approval of the Court, provided that any such agreement be memorialized in the form of a stipulation that shall be filed with the clerk and made a part of the record in this case.

      13.    Within ninety (90) days following the termination of this action (including any appeals), all Confidential Information designated as such by the Supplying Party shall be returned to the Supplying Party or destroyed, and all copies, summaries or transcripts thereof, and any and all other documents which contain, reflect, refer or relate to such Confidential Information which are not delivered to the Supplying Party, shall be destroyed, except that Counsel for each party may retain any attorney work product that contains Confidential Information.  Upon request, Counsel of record for each party shall attest to compliance with the terms of this Paragraph 13 in an affidavit or declaration served on each other party within the 90-day period.

      14.    The provisions of this Stipulated Protective Order apply to all proceedings in this matter, including all appeals and proceedings upon remand.

      15.    Nothing in the foregoing provisions regarding confidentiality shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the foregoing provisions.

      16.    The attorneys of record are responsible for employing reasonable measures consistent with this Stipulated Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information.  Parties shall not duplicate any stamped confidential document except for producing working copies and for filing in court under seal.

      17.    The following provisions shall apply to inadvertent disclosures:

          17.A.    The inadvertent, unintentional or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in

1  whole or in part, of any party's claims of confidentiality.

2      17.B.   If a Supplying Party realizes that it has inadvertently produced material it
3  considers confidential without so marking it, may notify the Receiving Party of the
4  mistake.  Upon receiving such notice, the Receiving Party will treat such material and the
5  information contained therein as Confidential or Confidential – Attorneys Only hereunder
6  depending upon the Supplying Party's instructions, and shall promptly either so mark
7  such material or shall return the material, uncopied, to the Supplying Party, who shall
8  then promptly mark the material as Confidential or Confidential – Attorneys Only and
9  again deliver it to the Receiving Party.

10      17.C.   The procedure set forth in sub-paragraph 17.B., above, is in furtherance of
11  and not in limitation of the provisions of sub-paragraph 17.A..  A Supplying Party's
12  failure to follow the procedure set forth in sub-paragraph 17.B. shall not constitute a
13  waiver of such party's claim of confidentiality as to any material or information.

14      18.   By entering into this Stipulated Protective Order, neither party waives any
15  objections it may have to the production of any documents covered by this Protective Order.

16      19.   Any use of Confidential Information at trial shall be governed by a separate
17  agreement or order.

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**EXHIBIT A TO THE STIPULATED PROTECTIVE ORDER**

I, _____, of

_____(address), declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Court on _____ in the case of *John Caputo v. BP West Coast Products LLC, et al.* Case No. 2:11-CV-00722-KJM-GGH.  I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and understand and acknowledge that failure to comply could expose me to sanctions and/or punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Court for the purpose of enforcing the terms of this Stipulated Protective Order for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed this ___ day of _____, 200__, at _____ _____ [place].

_____Signature

Name:_____

Address:_____

Party requesting that the above-signed person have access to "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEY'S EYES ONLY

_____

**STIPULATED AND AGREED BY:**

Dated: August 22, 2011                               ARCHER NORRIS

                                                /s/ Alissa R. Pleau-Fuller
                                                Alissa R. Pleau-Fuller

                                                Attorneys for Defendant
                                                BP West Coast Products LLC

Dated: August 22, 2011                               LAGARIAS & BOULTER, LLP

                                                /s/ Peter C. Lagarias (as authorized on August 19, 2011)
                                                Attorneys for Plaintiff John R. Caputo

## ORDER

Upon Stipulation of the parties and finding good cause thereon,

**IT IS SO ORDERED.**

Dated: August 24, 2011

                                                /s/ Gregory G. Hollows
                                                GREGORY G. HOLLOWS
                                                UNITED STATES MAGISTRATE JUDGE