IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN R. CAPUTO,

      Plaintiff,

vs.

BP WEST COAST PRODUCTS, LLC,

      Defendants.

Civ. No.  S-11-722 KJM GGH

ORDER

      Plaintiff, a franchisee of defendant, has filed suit under the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2804, et seq., alleging violations of the act stemming from defendant's intent to sell the gas station currently operated by plaintiff to third parties.

      Defendant has filed a request to seal certain documents it wishes to use in support of a motion for summary judgment. Plaintiff has agreed that third party financial information should be sealed, but argues that the additional materials are not appropriate for sealing.

      Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 n.7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v.*

1

1  *Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995); *accord  In re Video-Indiana, Inc.*, 672 F.2d 1289
2  (7th Cir. 1982); *United States v. Criden*, 648 F.2d 814, 823 (3d Cir. 1981); *In re National
3  Broadcasting Co., Inc.*, 653 F.2d 609, 613 (D.C. Cir. 1981) (courts should deny access only if
4  "justice so requires").

5　　　　　　The Ninth Circuit has recognized that materials attached to dispositive motions
6  should not be sealed without a showing that compelling reasons support the secrecy.
7  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing *Foltz*,
8  331 F.3d at 1136).  Generally, compelling reasons exist when court records might be used "as
9  sources of business information that might harm a litigant's competitive standing." *Nixon*,
10  435 U.S. at 598.  The court finds that the materials attached as Exhibits A through C to the
11  Declaration of Jeffrey M. Hamerling in Support of Defendant's Application meet the *Nixon*
12  standard as potentially harmful sources of business information that, if published, might put
13  defendant at a competitive disadvantage.  *See also Transbay Auto Serv. Inc., v. Chevron U.S.A.*,
14  2010 WL 4591596, at *1 (N.D. Cal. Nov. 3, 2010).  The other materials, Exhibits D through H,
15  contain third party financial information the court also finds appropriate to seal, as "[p]ersonal
16  financial information . . . is universally presumed to be private, not public." *In re Boston
17  Herald, Inc*., 321 F.3d 174, 190 (1st Cir. 2003).

18　　　　　　IT IS THEREFORE ORDERED that defendant's motion to seal (ECF No. 31) is
19  granted.
20  DATED:  March 1, 2012.

_____
UNITED STATES DISTRICT JUDGE