IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN R. CAPUTO,

    Plaintiff,

vs.

BP WEST COAST PRODUCTS, LLC,

    Defendant.

/

Civ. No.  S-11-722 KJM GGH

ORDER

    Plaintiff, a franchisee of defendant, has filed suit under the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2804, et seq., alleging violations of the act stemming from defendant's intent to sell the gas station currently operated by plaintiff to third parties.

    Plaintiff has filed a request to seal most documents he proposes to use in opposition to defendant's motion for summary judgment.  Defendant has joined the request to seal.  The court addressed the request to seal at oral argument held on defendant's motion for summary judgment on March 9, 2012, and hereby confirms its denial of the request with certain clarifications.

    Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

1

1  *Communications, Inc.*, 435 U.S. 589, 597 n.7 (1978).  Unless a particular court record is one
2  "traditionally kept secret," a "strong presumption in favor of access" is the starting point.
3  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v.*
4  *Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)); *accord  In re Video-Indiana, Inc.*, 672 F.2d 1289
5  (7th Cir. 1982); *United States v. Criden*, 648 F.2d 814, 823 (3d Cir. 1981); *In re National*
6  *Broadcasting Co., Inc.*, 653 F.2d 609, 613 (D.C. Cir. 1981) (courts should deny access only if
7  "justice so requires").

8         The Ninth Circuit has recognized that materials attached to dispositive motions
9  should not be sealed without a showing that compelling reasons support the secrecy. *Kamakana*
10  *v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing *Foltz v.*, 331 F.3d at
11  1136).  Generally, compelling reasons exist when court records might be used "as sources of
12  business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

13         Regarding the documents covered by the pending request to seal:  The court
14  declines to seal plaintiff's memorandum of points and authorities.  Although it describes some of
15  defendant's dealings with the third party buyers, it does not identify those buyers by name.  In
16  addition, the court declines to seal the proposed separate statement of undisputed facts.
17  Although the separate statement identifies the buyers by name, plaintiff may substitute
18  pseudonyms such as "buyer one" and "buyer two" as elsewhere in the papers filed in this case, or
19  he may redact the names.  Similarly, any identifying information in the declaration of Peter
20  Lagarias in support of the request to seal may be redacted, with the declaration filed on the
21  public record.  In addition, the court declines to seal the depositions plaintiff offers as Exhibits A
22  through E; as none of these depositions is properly authenticated, the court will not consider
23  them.  *See Orr v. Bank of America*, *NT & SA*, 285 F.3d 764, 776 (9th Cir. 2002); *Pavone v.*
24  *Citicorp Credit Servs., Inc.*, 60 F. Supp. 2d 1040, 1045 (S.D. Cal. 1997).  Because Exhibits 2, 4,
25  6, 7, 11-21, 23-28, 30, 31, 33 and 34 appear to be authenticated only through the deposition
26  /////

1 testimony, the court does not consider them either and so declines to seal them as well.  The
2 court similarly declines to seal the declaration of C.J. Lynden and its exhibits.
3      IT IS THEREFORE ORDERED that plaintiff's motion to seal (ECF No. 32) is
4 granted in part and denied in part as set forth above.  Within seven days of this order, plaintiff
5 shall file any documents it still wishes to be considered part of the record on summary judgment,
6 while complying with this order.
7      IT IS FURTHER ORDERED that the parties shall have seven days to cure
8 problems with authentication of the depositions on which they rely with respect to the summary
9 judgment briefing.  The motion thereafter will stand submitted.
10 DATED:  March 9, 2012.

_____
UNITED STATES DISTRICT JUDGE